IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRUMAN TALK,

    Petitioner,

v.                                                                                 No. 1:17-cv-00669 WJ/KK

SOUTHERN UTE DETENTION CENTER,

    Respondent.

## MEMORANDUM OPINION AND ORDER REQUIRING JOINDER OF TRIBAL OFFICIALS

Before the Court is Truman Talk's petition under 25 U.S.C. § 1303 for habeas corpus relief from a tribal court conviction **(Doc. 1).** Talk is an inmate at the Southern UTE Detention Center. In this lawsuit, he claims Santa Ana Pueblo tribal officials falsely accused him of driving under the influence of alcohol and otherwise violated his due process rights. For the reasons below, the Court determines the tribal officials are necessary parties for purposes of Fed. R. Civ. P. 19(a) and will grant Talk leave to amend his petition to join those individuals.

### BACKGROUND

On April 5, 2017, Talk was convicted of aggravated DUI by the Santa Ana Tribal Court and sentenced to 364 days in jail. Talk claims he was hitchhiking when the incident occurred and that he never occupied the driver's seat of the vehicle. He also asserts tribal officials violated his right to counsel guaranteed by the Indian Civil Rights Act, and that he was prevented from obtaining legal documents and filing an appeal. Talk seeks issuance of a writ of habeas corpus commanding his immediate release from custody. He is serving his sentence at the

Southern Ute Detention Center in Colorado, where he appears to be confined pursuant to the detention center's agreement with the Tribe.

**DISCUSSION**

Indian tribes are distinct, independent nations that exercise sovereign authority over their members and territories. *See Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.,* 498 U.S. 505, 509 (1991). The sovereignty of Indian tribes predates the Constitution and, as a result, Indian tribes are not subject to the constitutional restraints that bind the federal government and the states. *See Talton v. Mayes,* 163 U.S. 376, 382-84 (1896). However, Congress has primary and plenary authority over Indian affairs and may impose such restraints by statute. *See Washington v. Confederated Bands & Tribes of Yakima Indian Nation,* 439 U.S. 4663, 470-471 (1979).

In the exercise of this authority, Congress enacted the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1301, et seq. The ICRA extends certain federal rights to members of Indian tribes, including the privilege of the writ of habeas corpus to challenge a tribal detention order. *See* 25 U.S.C. § 1303. Jurisdiction over such proceedings is vested in federal courts. *See* 25 U.S.C. 1303; *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 69-72 (1978). Relief under § 1303 can be granted against tribal officials but not Indian tribes, who retain their sovereign immunity. *Id.*

Talk sued the Colorado detention center, but he did not name any tribal officials. The physical custodian is a proper respondent in many, if not most, habeas proceedings. *See Rumsfeld v. Padilla,* 542 U.S. 426, 436 (2004) ("in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held"); Habeas Corpus Rule 2(a) ("If the petitioner is

2

currently in custody under a state-court judgment, the petition must name as a respondent the state officer who has custody."). In direct, core habeas challenges to the mere fact of confinement or the way a sentence is executed, the custodian may be the only respondent, as he or she is in the best position to address those issues. The *Rumsfeld* petitioner, for example, alleged he was indefinitely detained as an "enemy combatant" before a grand jury completed its investigation. *See* 542 U.S. at 431. The Supreme Court determined the proper respondent was the commander of the military brig where the petitioner was being held, rather than the Secretary of Defense, because the commander could remedy the unlawful detention. *Id.* at 441-442.

However, where the petition indirectly challenges confinement by collaterally attacking the conviction or sentence, the immediate physical custodian may lack the authority to afford the requested relief. In these circumstances, an official who can modify the conviction or sentence is included in the proceeding. *See, e.g,* 28 U.S.C. § 2255 (if a § 2255 petition survives screening, the court must cause service on the United States attorney); Rule 4 Governing Section 2254 cases ("In every case" where an answer is ordered, "the clerk must serve a copy of the petition and any order on the … attorney general or other appropriate officer of the state involved").

Nothing in § 1303 identifies the proper respondent in a habeas action challenging a detention order by an Indian tribe, and there is no controlling authority on point. However, the Second Circuit has recognized that where the habeas petition attacks a tribal order, the tribal officials are necessary parties to the action. *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899-900 (2nd Cir. 1996). The *Poodry* petitioner challenged a Tribal order banishing him from the Indian reservation. The court stated:

> The important thing is not the quest for a mythical custodian, but that the petitioner

3

> name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit— namely, his unconditional freedom.
>
> The [Tribal officials] surely fit this description—they have an interest in opposing the petitions, as well as the ability to lift the [Tribal court] … orders should the petitions be found on remand to have merit."

*Id.* at 899-900 (quotations omitted). *See also, Settler v. Yakima Tribal Court,* 419 F.2d 486 (9th Cir. 1969), *abrogated on other grounds, Moore v. Nelson,* 270 F.3d 789, 791-92 (9th Cir. 2001) (concluding that a tribal court or judge is an appropriate respondent in a habeas proceeding testing the validity of a tribal conviction or sentence).

The Court agrees with *Poodry's* reasoning. If Talk only proceeds against the detention center, full relief cannot be granted because an order directing the custodian to release him does not modify or vacate the underlying Tribal conviction in the absence of a Tribal official. This means he could be rearrested and incarcerated for the same crime if he returned to Santa Ana Pueblo Indian Reservation following his release. Talk must therefore name as a respondent a tribal official who has an interest in opposing the petition or affording relief as necessary. *See Poodry,* 85 F.3d at 900.

To effectuate this, the Court will invoke the joinder procedure in Fed. R. Civ. P. 19(a)(2), which provides:

> *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Talk must identify and join as respondent(s) the appropriate Santa Ana Pueblo tribal official(s). The Court cautions Talk not to name the actual tribe, who is not a proper respondent in a § 1303 habeas proceeding. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 59 (1978) ("suits against the tribe under [§ 1303] … are barred by its sovereign immunity"). If Talk fails to file an

4

amended petition naming an appropriate tribal official as a respondent within thirty (30) days of entry of this Memorandum Opinion and Order, the Court may dismiss this case under the provisions of Fed. R. Civ. P. 19(b).

It is **THEREFORE ORDERED** that Petitioner Truman Talk is granted **thirty (30) days to file an amended petition** that identifies and joins at least one Santa Ana Pueblo tribal official as a respondent in this habeas action.

**SO ORDERED.**

                                                                                                                              
UNITED STATES DISTRICT JUDGE